NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
_____
                               :
ROBERT MARINNIE, SR., et al.,  :
                               :        Civil Action No.
              Plaintiffs,      :        06-1977 (NLH)
                               :
     v.                        :
                               :
PALMYRA BOARD OF EDUCATION,    :
et al.,                        :        OPINION
                               :
              Defendants.      :
                               :
_____
```

**APPEARANCES:**

Robert Marinnie, Sr.
Eloise Marinnie, and
Robert Marinnie, Jr.
212 W. BROAD STREET
PALMYRA, NJ 08065
*Pro Se Plaintiffs*

Melissa T. Dutton, Esq.
STATE OF NEW JERSEY
DIVISION OF LAW
PO BOX 112
TRENTON, NJ 08625-0112
*Attorney for Defendants State of New Jersey, Dr. William Librera,*
*and Walter J. Keiss (incorrectly named as "Keist")*

Gregory J. Giordano, Esq.
LENOX, SOCEY, WILGUS, FORMIDONI,
3131 PRINCETON PIKE
BUILDING 1B
TRENTON, NJ 08648
*Attorney for Defendants Palmyra Board of Education, Ronald*
*Cancelliere, Karen C. Albanese, John Mitchell, Jeanne Barbar,*
*Carmen Maurer, Kevin Poter, Berthea Henry, Valerie Flournoy,*
*Thomas Delmore, Estate of John Mallon, deceased, Susan Kolarovic,*
*Dorey Levy, Jack Devies, Mary Holloway, Charles H. Gibson, and*
*Stan Ozalis*

**HILLMAN**, District Judge

## I.   **INTRODUCTION**

This matter comes before the Court on Defendants' motions to dismiss (hereinafter "Motions") Plaintiffs' complaint and supplemental complaint (hereinafter "Complaints").  Because we find that Plaintiffs have failed to state a claim upon which relief can be granted, we grant Defendants' Motions and dismiss Plaintiffs' Complaints without prejudice and with leave to amend.

## II.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Robert Marinnie, Sr. filed a complaint on April 28, 2006,[1] stating that his son, Robert Marinnie, Jr., who was a special education student of Palmyra High School, received notice on or about August 23, 2004 from the NCAA Clearinghouse that Robert Marinnie, Jr. was ineligible to participate in NCAA Division II athletics at the collegiate level because he had not been provided the proper courses in high school and because his SAT score was too low.  Specifically, plaintiffs allege that Robert Marinnie, Jr. was not provided with foreign language courses in high school and was not advised that he could receive

---

[1] Plaintiff Robert Marinnie, Sr. is the only plaintiff that signed the original complaint.  Defendants object to Mr. Marinnie, Sr. signing the complaint on behalf of the other two plaintiffs since he is not an attorney licensed to practice law and cannot undertake their representation.  We note that all three Plaintiffs signed the supplemental complaint.  Since we dismiss Plaintiffs' complaints on other grounds, we do not directly decide this issue.

2

"time consideration" for the SAT.  Plaintiffs allege that as a result of the Palmyra Board of Education's failure to provide appropriate education and counseling, Robert Marinnie, Jr. is ineligible to play collegiate sports.

In the original complaint, Plaintiff brings claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, the federal "No Child Left Behind legislation," "Title VII of the United States Code" and the "New Jersey Law Against Discrimination," N.J.S.A. § 10:5-1 *et seq.*  He seeks compensatory damages in the amount of nine million dollars ($9,000,000.00), and punitive damages in the amount of nine million dollars ($9,000,000.00), as well as unspecified declaratory and injunctive relief.

On June 28, 2006, Plaintiffs filed a supplemental complaint for violations of their rights pursuant to 42 U.S.C. §§ 1983 and 1985(3), Title VII and the New Jersey Law Against Discrimination. The supplemental complaint alleges that on June 14, 2006, defendant Stan Ozalis, member of the Palmyra Board of Education, approached Plaintiff Robert Marinnie, Sr. in a hostile manner and angrily told Marinnie that he could no longer participate in a golf tournament for free sponsored by Ozalis in Palmyra, New Jersey because Marinnie had filed a civil rights action against the Palmyra Board of Education.  Plaintiffs seek a temporary restraining order against the Palmyra Board of Education "enjoining it from making any further attempts to interfere with

3

plaintiff's right to seek a redress of greivances," compensatory damages in the amount of nine million dollars ($9,000,000.00), punitive damages in the amount of nine million dollars ($9,000,000.00), as well as unspecified declaratory and injunctive relief.

Plaintiffs filed their supplemental complaint pursuant to Fed.R.Civ.P. 15. Under Fed.R.Civ.P. 15(d), upon motion, reasonable notice, and just terms, the court may permit a party to serve a supplemental pleading setting forth transactions, occurrences or events that have happened since the date of the pleading sought to be supplemented. See Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1188 (3d Cir. 1979) (supplemental pleading refers to events that occur after original pleading was filed in contrast to amended pleading which covers matters that occur before the filing of the original pleading but were overlooked at the time). Rule 15(d) provides the Court with discretion in allowing a plaintiff to file a supplemental pleading even if the original pleading is defective in its statement of a claim for relief or defense. Here, Plaintiffs did not file a motion or provide notice that they wished to file a supplemental pleading. Nonetheless, we permit Plaintiffs to file their supplemental complaint pursuant to Rule 15(d) because the events alleged in the supplemental pleading occurred after the filing of the initial complaint, and because the defendants did

not object to the filing of the supplemental complaint and filed
responsive pleadings thereto.

### III.  DISCUSSION

**A. Standard for Motion to Dismiss Complaint for Failure to
State a Claim Upon Which Relief Can Be Granted.**

Defendants have moved to dismiss Plaintiffs' Complaints for
failure to state a claim upon which relief can be granted
pursuant to Fed.R.Civ.P. 12(b)(6).  When considering a Rule
12(b)(6) motion, a court must accept all well-pleaded allegations
in the complaint as true and view them in the light most
favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347,
351 (3d Cir. 2005).  A court may not dismiss the complaint for
failure to state a claim "unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-
46 (1957) (citations omitted).

It is well settled that a pleading is sufficient if it
contains "a short and plain statement of the claim showing that
the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).
Under the liberal federal pleading rules, it is not necessary to
plead evidence, and it is not necessary to plead all the facts
that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp.,
562 F.2d 434, 446 (3d Cir. 1977).  This is particularly true in
light of the liberal standard of review for a *pro se* complaint.

5

See Estelle v. Gamble, 429 U.S. 97, 107 (1976) (recognizing that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal quotations omitted).  Nonetheless, a *pro se* plaintiff must comply with minimum pleading standards.  See Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).  The minimum standard requires that the pleadings 'give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quoting Conley, 355 U.S. at 47).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group

6

Ltd._, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiffs have not filed any opposition papers to Defendants' Motions to dismiss.  Although the Motions are unopposed, we do not dismiss the Complaints summarily, but decide on the merits whether the Complaints set forth viable causes of action.  See Mitchell v. New Jersey Lottery, No. 04-896, 2006 WL 1344092, at *3 (D.N.J. May 15, 2006)(citing to Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991); and Marcial v. Rawl, No. 94-6709, 1995 WL 31614, at *2 n. 1 (E.D.Pa. Jan. 25, 1995)(finding that even if motion to dismiss is unopposed, court must consider claims).  As set forth below, we find that Plaintiffs have not presented cognizable claims.

**B.  Plaintiffs' Claims**

1.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived him of his rights, privileges, or immunities secured by

the Constitution or laws of the United States.  See, e.g., Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005)(citing Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.1995); citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993).  Section 1983 does not create substantive rights.  Rather, "it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996)(citations omitted).

Plaintiffs have not identified the constitutional right or federal law[2] that has been violated; they have not alleged that each of the Defendants acted under color of state law; and they have not stated how such conduct deprived them of their rights, privileges, or immunities secured by the Constitution or laws of the United States.  Accordingly, Defendants have met their burden of establishing that, based on the allegations in their Complaints, Plaintiffs can prove no set of facts in support of their Section 1983 claim which would entitle them to relief.

2.   42 U.S.C. § 1985

In their original complaint, Plaintiffs did not specify which subsection of 42 U.S.C. § 1985 they are invoking.  However,

---

[2] As described in Section III.B.4, Plaintiffs have not provided the Court with evidence that Congress intended to confer individual rights with regard to the provisions in the federal No Child Left Behind Act.

Plaintiffs did specify in their supplemental complaint that they are bringing claims under 42 U.S.C. § 1985(3).  Since we have permitted Plaintiffs to file the supplemental pleading, we construe their claims under both complaints as brought pursuant to Section 1985(3).

"Section 1985(3) permits an action to be brought by one injured by a conspiracy formed for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir.2006) (quoting 42 U.S.C. 1985(3)).  To state a viable claim under 42 U.S.C. 1985(3), "a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." Id. (citing Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). The first element in a Section 1985(3) claim is the existence of a conspiracy. Marulli v. Alloy, Nos. 04-2869, 04-2874, 2006 WL 2772553, at *8 (D.N.J. Sept. 23, 2006)(citing to Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997)).  "A conspiracy is a

'combination of two or more persons acting in concert to commit an unlawful or criminal act or to do a lawful act by unlawful means or for an unlawful purpose.'" Id. (quoting Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974)).

Plaintiffs have not met the pleading requirements to state a claim under 42 U.S.C. § 1985. They have not identified a conspiracy, the persons involved in the conspiracy, the discriminatory motivation behind the conspiracy, the act(s) in furtherance of the conspiracy, or subsequent injury. Thus, we find that Defendants have met their burden of showing that Plaintiffs failed to state a claim pursuant to 42 U.S.C. § 1985(3).

3.   42 U.S.C. § 1986

Plaintiffs also state that they are bringing their claims pursuant to 42 U.S.C. § 1986. Section 1986 is brought against persons who neglect to prevent a conspiracy and provides, in part:

> [E]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented... .

42 U.S.C. § 1986; See Thomas v. Independence Twp., 463

F.3d 285, 289-90 (3d Cir. 2006).

Plaintiffs have not provided notice of what person or persons had knowledge of a conspiracy, and what person or persons failed to prevent the conspiracy under Section 1985.  Therefore, Defendants have met their burden that Plaintiffs have failed to state a claim under 42 U.S.C. § 1986.

4. <u>No Child Left Behind</u>

The No Child Left Behind Act ("NCLBA") is a comprehensive educational reform Act whose purpose  "... is to ensure that all children have a fair, equal, and significant opportunity to obtain a high-quality education and reach, at a minimum, proficiency on challenging state academic achievement standards and state academic assessments." 20 U.S.C. § 6301 *et seq.* Plaintiffs have not alleged facts that would put Defendants on fair notice of what their claims are under this Act, and the grounds upon which it rests.  For example, they have not put Defendants on notice of how, when or under what provision Defendants may have violated the NCLBA.  Further, several courts have held that the NCLBA does not confer a private right of action. <u>See</u> <u>Dunleavy v. New Jersey</u>, No. 06-0554, 2006 WL 3780673, at *5 (D.N.J. 2006)(concluding that Congress did not intend to create individual rights under the NCLBA and dismissing plaintiff's claim); <u>Ass'n of Cmty. Org. for Reform Now v. New York City Dept. of Educ.</u>, 269 F. Supp.2d 338, 344 (S.D.N.Y.

11

2003)(finding NCLBA does not reflect the clear and ambiguous intent of Congress to create individually enforceable rights and dismissing plaintiff's cause of action under § 1983 to enforce the NCLBA).  The Third Circuit has upheld a District Court's dismissal of a complaint on the grounds that even if a private cause of action exists pursuant to the NCLBA, the plaintiffs failed to raise facts to support such a claim. <u>Cole v. Montague Bd. of Educ.</u>, 145 Fed. Appx. 760, 763 (3d Cir. 2005).  We dismiss Plaintiffs' NCLBA claims on the same grounds as upheld in <u>Cole</u>, i.e., even if a cause of action exists, Plaintiffs have failed to allege facts that could present a claim under the NCLBA.

    5.  <u>Title VII</u>

Plaintiffs simply state that they are requesting damages for injuries suffered as a result of violations of Defendants' discrimination against Plaintiffs in violation of Title VII of the United States Code.  We find that Plaintiffs have not provided Defendants with fair notice of what their claim is under Title VII and the grounds upon which it rests.  Even if the Court were to assume that Plaintiffs intend to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, Plaintiffs must make out a *prima facie* case. <u>See</u> <u>Scheidemantle v. Slippery Rock University State System</u>, 470 F.3d 535, 539 (3d Cir. 2006).  They have not done so and, therefore, their claims are dismissed.

12

6.  <u>Retaliation Claim</u>

We discern from Plaintiffs' supplemental complaint that they are bringing a claim of retaliation for the exercise of their right to petition for redress of grievances.  Retaliation for the exercise of the right to petition for redress of grievances is a violation actionable under Section 1983.  <u>See</u> <u>White v. Napoleon</u>, 897 F.2d 103, 112 (3d Cir. 1990).  To prevail on a claim of retaliation, a plaintiff "must be able to show that the adverse action was 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" <u>Jacobs v. Beard</u>, 172 Fed. Appx. 452, 455 (3d Cir. 2006)(citing <u>Allah v. Seiverling</u>, 229 F.3d 220, 224-25 (3d Cir. 2000)).

We find that Plaintiffs have not provided Defendants with fair notice of the adverse action and how the adverse action detered them from exercising their First Amendment rights. Plaintiffs have alleged that Stan Ozalis told Robert Marinnie, Sr. that he could not participate in a golf tournament for free. It is not clear whether Mr. Marinnie did in fact not participate, or whether he had to pay a fee to participate.  Plaintiffs have not alleged, even assuming *arguendo* that preclusion from participating in a golf tournament is an "adverse action," that such action deterred them from exercising their First Amendment rights.  Further, the allegations only involve Defendant Ozalis and possibly Defendant Palmyra Board of Education.  No facts have

13

been alleged that show that any of the other Defendants were personally involved regarding Plaintiffs' retaliation claim. Thus, Plaintiffs' retaliation claim is dismissed.

**B.  State Law Claims**

Plaintiffs have also brought claims pursuant to the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.* Since we have dismissed Plaintiffs' potential federal claims pursuant to Fed.R.Civ.P. 12(b)(6), we decline to exercise supplemental jurisdiction at this time over Plaintiffs' state law claim.  See Bonenberger v. Plymouth Twp., 132 F.3d 20, 23 n.1 (3d Cir. 1997)(pursuant to 28 U.S.C. § 1367, a district court can decline to exercise supplemental jurisdiction over state law claims if it has dismissed all of the federal claims).  Thus, Plaintiffs' state law claims are hereby dismissed.[3]

---

[3]   We also do not address two defenses raised by the Defendants.  First, the State Defendants argue that Plaintiffs' claims pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 should be dismissed against them in their official capacity because such claims are barred by Eleventh Amendment sovereign immunity, and that Defendants Keiss and Librera are entitled to qualified immunity regarding Plaintiffs' § 1983 claims against them in their individual capacity.  Second, Defendants raise the defense that Plaintiffs failed to exhaust their administrative remedies. Because we have dismissed Plaintiffs' Complaints for failure to state a claim, we do not decide the merits of these defenses.

14

**C.  Temporary Restraining Order**

Plaintiffs ask the Court to issue a temporary restraining order against the Palmyra Board of Education "enjoining it from making any further attempts to interfere with plaintiff's right to seek a redress of grievances."  Before a temporary restraining order can be issued, the Court must consider four factors: (1) likelihood of success that the movant will prevail on the merits; (2) the extent to which the movant is irreparably harmed by the conduct complained of; (3) the extent to which other interested persons are harmed; and (4) whether the public interest is served by the issuance of an injunction. See Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 197-98 (3d Cir. 1990). Plaintiffs have provided no argument on any of these factors, and it is clear that they are unable to prevail on the merits at this time since they have not stated any claims upon which relief can be granted.  Plaintiffs' request for a temporary restraining order is denied.

**IV.  CONCLUSION**

Defendants have met their burden of showing that Plaintiffs have failed to state claims upon which relief can be granted. Therefore, we dismiss Plaintiffs' original complaint and supplemental complaint, without prejudice, and permit Plaintiffs thirty days within which to amend their complaint in order to

15

state cognizable claims.  See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)(holding that "... even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)); Mitchell v. New Jersey Lottery, No. 04-896, 2005 WL 1712455, at *1 (D.N.J. July 22, 2005)(citations omitted)).  An Order will be entered consistent with this Opinion.


          s/Noel L. Hillman
          NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

16